UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20904-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANNY ANGEL RODRIGUEZ,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Motion to Review (Both) Grand Jury Transcripts: DE 14, DE 58 per Jencks Act or Rule 6(e) Re: Jencks Material for Lucia Mendez and (FBI) Damian Giroux (DE# 371, 5/17/19).

The instant motions were filed by the defendant pro se. Pro se filings are liberally construed. Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).

## BACKGROUND

On May 17, 2019, the defendant filed a Motion to Review (Both) Grand Jury Transcripts: DE 14, DE 58 per Jencks Act or Rule 6(e) Re: Jencks Material for Lucia Mendez and (FBI) Damian Giroux (DE# 371, 5/17/19). The government filed its response on May 28, 2019. See Government's Response to Defendant's Pro-Se Motion to Review (Both) Grand Jury Transcripts: [DE 14, DE 58] Per Jenks Act or Rule 6(e) [D.E. 371] (DE# 389, 5/28/19). On June 3, 2019, the defendant filed his reply. See Defendant[']s] Reply to Government[']s Response [DE 389] to Pro Se Defendant[']s] Filing to Review Grand Jury Transcripts [DE 371] (DE# 399, 6/3/19).

This matter is ripe for adjudication.

## **ANALYSIS**

The defendant seeks to review the grand jury transcripts that led to the Indictment (DE# 14) and the Superseding Indictment (DE# 58). See Motion (DE# 371 at 1). The defendant argues that these transcripts will show that the government violated the defendant's "blanket immunity" and that the government learned of the existence of other packages from the defendant's debriefings, not from the indicia report. Id. at 1. The defendant also argues that the grand jury transcripts leading to the Superseding Indictment (DE# 58) may show that the government engaged in fraud by "rely[ing] on distorted[ ] and misinformed Title III Calls to trick the Grand Jury into believing that the Ives Dairy Storage Unit was a part of the Defendant[']s conspiracy." Id. at 1-2. According to the defendant, the activity log shows that the storage unit at Ives Dairy Self Storage was not the storage unit referenced in the Title III telephone calls and that the referenced storage unit is actually in "Dania Beach, Hollywood." Id. at 2. The defendant also posits that the government may have improperly used the indicia report in the grand jury proceedings which the government "obtained under the guise of a Business Certificate Copy" after the defendant's debriefings. Id.

The government argues that it is not required to disclose grand jury transcripts under the circumstances of this case. See Government's Response (DE# 389). The government notes that the defendant does not meet any of the conditions provided under the Federal Rules of Criminal Procedure for the release of grand jury transcripts. Id. at 2. Additionally, the government represents that Lucia Mendez and Special Agent Giroux did not testify during the grand jury proceedings. Id. at 2-3.

In his reply, the defendant states that he "has irrefutable evidence of EXACTLY

2

what the Government knew prior to the Defendant[']s many debriefings. And that what the Government has alleged to this Court was derive[d] purely and exclusively in violation of a blanket Kastigard [sic] immunity agreement provided to the Defendant." Reply (DE# 399 at 1) (capitalization in original).

Pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, a district court may authorize the disclosure of grand jury matters "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e). "[A]ny party seeking grand jury matters under Rule 6(e) must show that: (1) the material sought is needed to avoid possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to embrace only necessary material." United States v. Smith, 449 F. App'x 791, 793 (11th Cir. 2011) (citing Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)). The party seeking the disclosure of grand jury material must also show a particularized need:

> A party seeking grand jury material must show a "particularized need" for the documents; generalized allegations will not suffice. United States v. Burke, 856 F.2d 1492, 1496 (11th Cir.1988) (per curiam). In other words, grand jury testimony may not be released for the "purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir.2001) (quoting United States v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir.1999)).

United States v. Garcia, 311 F. App'x 314, 317 (11th Cir. 2009)

The defendant has not shown a particularized need for the grand jury materials. The defendant's articulated reasons for the grand jury material are based on speculation. The defendant believes that the grand jury transcripts for the grand jury

3

that returned the original Indictment (DE# 14) will show that the government did not present any evidence of packages which the government had not intercepted. See Reply (DE# 399 at 1). The defendant further believes that the government presented evidence of unintercepted packages only to the grand jury that returned the Superseding Indictment (DE# 58). Id. Therefore, the defendant argues that the transcripts for both grand juries will show that the government learned of the unintercepted packages from the defendant's debriefings. Id.

The defendant does not provide any explanation for why he believes the evidence presented to the first grand jury will prove that the government learned of the unintercepted packages from the defendant's debriefings. The government is under no obligation to present all of the evidence it has concerning a defendant to the grand jury. For example, the government is not required "to present exculpatory evidence in [its] possession" to the grand jury. United States v. Williams, 504 U.S. 36, 52 (1992). Thus, the grand jury transcripts will not show all of the evidence in the government's possession at the time of the grand jury proceedings. The disclosure of the grand jury transcripts in the instant case will not prove what the defendant seeks to prove – that the government learned of the unintercepted packages from the defendant's debriefings.

The defendant also suspects that the government may have misrepresented the Title III intercepted telephone calls to the second grand jury by "falsely [claiming] that the Title 3 calls were directly referring to the Ives Dairy Self-Storage Unit." Reply (DE# 399 at 2). The defendant believes the activity log proves the defendant was not referring to the storage unit at Ives Dairy Self Storage in the Title III telephone calls. Id. As

4

discussed in the Court's Order (DE# 398 at 18, 6/3/19) denying a motion to compel, all the activity log shows is that on a particular day, September 26, 2017, the defendant told a co-conspirator that he was going to the storage unit to pick up approximately ten sheets of paper when in fact the activity log does not reflect that anyone went to the storage unit that day. The activity log does not prove the defendant was not referring to the storage unit at Ives Dairy Self Storage in the Title III intercepted telephone calls. The activity log does not disprove Lucia Mendez' statement to Special Agent Giroux that she went to the storage unit three times, each time with the defendant. See Report and Recommendation (DE# 261 at 25, 1/30/19).

The defendant also argues that the government misled the Court when it presented the testimony of Special Agent Giroux stating that he had linked approximately 40 percent of the unintercepted packages listed in the indicia report to the defendant based on the defendant's Title III telephone calls. See Reply (DE# 399 at 3). The defendant states that he has listened to all of the Title III telephone calls and less than one percent of those calls discuss the packages. Id. At the evidentiary hearing on the defendant's PSI objections, Special Agent Giroux testified that he used telephone calls between the defendant and inmates to tie the packages listed in the indicia report to the defendant. See Hearing Transcript, Volume 1 (DE# 245 at 52, 62, 84-86); Hearing Transcript, Volume 2 (DE# 246 at 348-349).[1] Agent Giroux did not testify before the grand jury. See Government's Response (DE# 389 at 2-3). Thus, this argument is unrelated to the grand jury materials. To the extent the defendant is

---

[1] The undersigned cites to the page numbers automatically assigned by the Court's CM/ECF system appearing on the top, right-hand side of each page.

seeking to re-open the evidentiary hearing in order to impeach Special Agent Giroux, the Court will not grant that relief. The Title III intercepted telephone calls are not new evidence. The defendant had the opportunity to impeach Special Agent Giroux at the evidentiary hearing on the defendant's PSI objections. In fact, the defendant's counsel cross-examined Special Agent Giroux at length. The Court will not entertain the defendant's attempt at a second bite at the apple.

The defendant also questions whether the government used hearsay to obtain the Superseding Indictment (DE# 58). See Reply (DE# 399 at 3). This argument is without merit. The Federal Rules of Evidence do not apply to grand jury proceedings. Fed. R. Evid. 1101(d)(2). The use of hearsay testimony does not warrant the dismissal of an indictment. United States v. Waldon, 363 F.3d 1103, 1109 (11th Cir. 2004); Costello v. United States, 350 U.S. 359, 362 (1956) (a grand jury may indict based on hearsay evidence).

Lastly, the government admits that the Jencks Act applies. See Government's Response (DE# 389 at 2). The Jencks Act provides that:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C.A. § 3500(b). Accordingly, the government shall provide any Jencks Act required materials for any government witness who testifies.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion to Review (Both) Grand Jury Transcripts: DE 14, DE 58 per Jencks Act or Rule 6(e) Re: Jencks Material for Lucia Mendez and (FBI) Damian Giroux (DE# 371, 5/17/19) is **GRANTED in part and DENIED in part**. The government shall provide any Jencks Act required materials for any government witness who testifies.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies mailed by Chambers to:
Danny Angel Rodriguez
48128-004
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE