# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cr-20904-UU-1

UNITED STATES OF AMERICA,

v.

DANNY ANGEL RODRIGUEZ,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant's Objections to Presentence Investigation Report (D.E. 179) (the "PSR Objections").

THE COURT has considered the PSR Objections and pertinent parts of the record and is otherwise fully advised in the premises.

With Defendant's consent, this Court referred a portion of the PSR Objections to United States Magistrate Judge John J. O'Sullivan for the issuance of a report and recommendation on the following topics: (a) the appropriate marihuana conversion ration to apply to ADB-FUBINACA, as well as the question of whether the Guidelines' marihuana conversion ratio tables can even be applied to ADB-FUBINACA; (b) the issue regarding the inclusion of the weight of the carrier (the card stock paper) that was infused with the ADB-FUBINACA in determining the drug weight; (c) whether ADB-FUBINACA is an analogue of AB-FUBINACA; (d) the issue of whether or not there was a *Kastigar* violation; (e) whether the Defendant maintained the storage space (had dominion and control) that was ultimately searched by law enforcement; and (f) the amount of the alleged laundered funds (collectively, the "Referred Topics"). D.E. 180, D.E. 214.

1

On January 30, 2019, and after a two-day hearing (D.E. 245, D.E. 246), Magistrate Judge O'Sullivan issued a Report (the "Report") (D.E. 261) recommending that the PSR Objections pertaining to the Referred Topics be overruled. Specifically, Magistrate Judge O'Sullivan made the following findings:

- The Guidelines conversion ratio should be 1 to 167, as THC is the most closely related controlled substance in the U.S.S.G. § 2D1.1 Drug Equivalency Table.

- The carrier medium (i.e., the stock paper) weight should be included in calculating the controlled substance weight under the Guidelines.

- ADB-FUBINACA is an analogue of AB-FUBINACA.

- The Government did not learn of the 110 Barnes & Noble packages, nor any of the pieces of legal mail or obituary mail, as a result of any *Kastigar* violations — that is to say, no *Kastigar* violations occurred.

- Defendant "maintained," that is, exercised control over, the storage unit.[1]

- $260,110 in laundered funds are attributable to Defendant.

*See* Report.

The parties were given fourteen days to file objections to the Report. Multiple extensions of time to file the objections were granted (D.E. 270, D.E. 284), and Defendant timely filed his objections to the Report on March 5, 2019[2] (D.E. 289) (the "R&R Objections"). The Government did not file objections to the Report, *see LoConte v. Dugger*, 847 F.2d 145 (11th Cir. 1988), *cert.*

---

[1] Magistrate Judge O'Sullivan also made a finding regarding the primary purpose or principal use of the storage unit. *See* Report at 44–45. However, the Court finds that its referral order was ambiguous as to whether Magistrate Judge O'Sullivan should have made such a finding, as the order specifically references "dominion and control" over the storage unit and not any of the other components of the premises enhancement. As a result, Defendant will be permitted to argue the remaining components of the enhancement at the June 10, 2019 continued sentencing.

[2] Defendant filed his R&R Objections on March 1, 2019, in accordance with the Court's deadline, but filed those objections under seal without first obtaining leave to do so. The Court denied the motion to seal the R&R Objections on March 4, 2019 (D.E. 288), and Defendant promptly filed an unsealed version of the R&R Objections, to which the Court refers in this Order.

*denied*, 488 U.S. 958 (1988) (holding that failure to timely file objections bars the parties from attacking factual findings on appeal), nor any response to the R&R Objections.

Upon *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's Report and concurs in all of his findings (except the finding pertaining to the primary purpose or principal use of the storage unit). The Court has carefully considered the R&R Objections and finds that they were sufficiently addressed by the Report or are beyond the scope of the Referred Topics.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 261, is RATIFIED, ADOPTED, and AFFIRMED. It is further

ORDERED AND ADJUDGED that the R&R Objections, D.E. 289, are OVERRULED. It is further

ORDERED AND ADJUDGED that the PSI Objections pertaining to the Referred Topics are OVERRULED. It is further

ORDERED AND ADJUDGED that Defendant MAY NOT RE-LITIGATE the following topics:

- The drug conversion ratio under the Guidelines.
- The inclusion of the carrier medium in calculating the weight of the controlled substance.
- The controlled substance analogue issue.
- The *Kastigar* issues.
- The "maintenance" component of the premises enhancement.
- The amount of laundered funds.

It is further

ORDERED AND ADJUDGED that the Court reserves ruling on the remaining issues in the PSI Objections, and Defendant MAY address these issues **and only these issues at the continued sentencing**:

- The leader-organizer enhancement.

- The remaining components of the premises enhancement, that is, whether the storage unit was maintained for the purpose of manufacturing or distributing a controlled substance.

- The enhancement for use of friendship, affection, etc. to involve another individual in the illegal purchase, sale, transport, or storage of controlled substances.

- The number of packages/mailings to be attributed to Defendant.

- Acceptance of responsibility.

- Credit for "overtime" served.

- Whether a downward departure or variance is warranted.

DONE AND ORDERED in Chambers at Miami, Florida, this _6th__ day of June, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Danny Angel Rodriguez, *pro se*

counsel of record via cm/ecf