UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20904-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DANNY ANGEL RODRIGUEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court upon the Order of Referral from the Honorable Cecilia M. Altonaga [ECF No. 847] to conduct a Change of Plea Hearing for Defendant Danny Angel Rodriguez. The Court having conducted the Change of Plea Hearing on September 15, 2025, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing and would make all findings and rulings concerning Defendant's sentence and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be

conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties have entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and Defendant acknowledged on the record that he had signed and understood it.

6. Defendant pleaded guilty to Count 1 of the Superseding Information, which charges Defendant with Providing Contraband to a Federal Prisoner, in violation of Title 18, United States Code, Section 1791(a)(1).

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's Factual Proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8. Defendant acknowledged that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing

Guidelines"). Defendant acknowledged and understood that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which will commence after the guilty plea has been entered. Defendant also acknowledged and understood that the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant further acknowledged that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Gudelines' advisory range. Knowing these facts, Defendant understood and acknowledged that the Court has the authority to impose any sentencing within and up to the statutory maximum authorized by law for the offense identified in paragraph 6, and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

9. The Court reviewed with Defendant the possible maximum penalties for the charged offense. Defendant acknowledged that he understood these possible penalties. Defendant was advised that the Court may impose a statutory maximum term of imprisonment of up to ten years' imprisonment, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution. Defendant further understood that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed. Defendant agreed that if he is financially unable to pay the special assessment at sentencing, he will present evidence to the Government and the Court as to his reasons for his failure to pay.

10. Defendant acknowledged that his sentence has not yet been determined by the Court. Defendant also acknowledged that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office or the Court. Defendant understood further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to the plea agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understood and acknowledged that he may not withdraw his plea based on the Court's decision not the accept a sentencing recommendation made by Defendant, the Government, or a recommendation made jointly by both Defendant and the Government.

11. Although Title 18, United States Code, Section 1791(a)(1), to which Defendant is pleading guilty, does not contain a forfeiture provision, Defendant will not seek to recover, through any means whatsoever, the funds Defendant already forfeited as a result of his guilty plea on August 20, 2018. These funds include approximately $6,455.84 and approximately $6,893.46 previously seized. Defendant agreed that these funds were proceeds of illegal activity, and he will not seek to recover them.

12. The United States Attorney's Office for the Southern District of Florida and Defendant stipulated to and agreed not to contest the facts in the Factual Proffer, and stipulated that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient basis for the plea of guilty in this case. Defendant agreed that the facts in the Factual Proffer are true and correct to the best of Defendant's knowledge. The Court notes because the factual basis set forth in the Factual Proffer has the limited purpose of supporting Defendant's guilty plea to the charge discussed in paragraph 6 above, the factual basis set forth in the Factual

Proffer does not purport to represent all facts and circumstances relating to Defendant's participation. The Court further notes that the factual basis in the Factual Proffer was not intended to identify all knowledge Defendant might have of the unlawful activity of other individuals.

13.  Defendant acknowledged and agreed that if he did not enter a guilty plea to the Superseding Information, if his plea to the Superseding Information was not accepted, or if he later withdraws his guilty plea to the Superseding Information, then the Superseding Indictment issued on June 19, 2018 will be revived as the charging document in this case, and Defendant waives any objections, challenges, or appeals concerning the reinstatement of the Superseding Indictment. Additionally, Defendant agreed that (1) any applicable statute of limitations will be tolled between the date of Defendant's signing of the plea agreement and the filing commencing such action, and (2) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of Defendant's signing of the plea agreement.

14.  The Court emphasized, and Defendant explicitly acknowledged, that in the event Defendant withdraws from the plea agreement prior to or after pleading guilty, Defendant agreed and understood that: (a) Defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by Defendant as part of plea discussions, any debriefings or interviews, in the Factual Proffer, or in the plea agreement, whether made prior to or after the execution of the plea agreement, will be admissible against Defendant without any limitation in any civil or criminal proceeding brought by the Government; and (b) Defendant stipulated to the admissibility and authenticity, in any case brought by the United States in any way related to the plea agreement, of

5

any documents provided by Defendant or Defendant's representatives to any state or federal agency or the United States Attorney's Office for the Southern District of Florida.

15.   Defendant agreed that if his conviction is vacated, reversed, or set aside, both the United States Attorney's Office for the Southern District of Florida and Defendant will be released from all their obligations under the plea agreement, except that, should the United States Attorney's Office for the Southern District of Florida choose to pursue any charge that was either dismissed or not filed as a result of the plea agreement, then (1) any applicable statute of limitations will be tolled between the date of Defendant's signing of the plea agreement and the filing commencing any such action, and (2) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of Defendant's signing of the plea agreement.

16.   Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford Defendant the right to appeal his sentence. Acknowledging this, in exchange for the undertakings made by the United States in the plea agreement, Defendant waived all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understood that nothing in the plea agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released

from the above waiver of appellate rights. Defendant acknowledged that he had discussed the appeal waiver set forth in the plea agreement with his attorney.

17. Defendant expressly acknowledged during the hearing that the waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above in paragraph 16 was knowing and voluntary.

18. Defendant acknowledged that as part of the plea agreement, he waived all rights conferred by Title 28, United States code, Section 1291 to assert any claim that (1) the statute to which defendant is pleading guilty is unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.

19. Defendant acknowledged that he had reviewed the Superseding Information, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

20. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Count 1 of the Superseding Information and that Defendant be adjudicated guilty of the offense charged.

21. A pre-sentence investigation report is being prepared. Sentencing will be set before Chief District Judge Cecilia M. Altonaga.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count 1 of the Superseding Information to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **THREE** days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 15th day of September, 2025.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Cecilia M. Altonaga;**
**All Counsel of Record**